Curia, per Frost, J.
It is unnecessary to consider any other of the grounds taken for a new trial, besides the third, which excepts to the verdicts, that they are so vague, indefinite and uncertain, that no judgment cau be rendered on them. One of the verdicts is to this effect — “ We find for the plaintiffs their undivided distributive portions of the land in dispute, described in the re-survey plat of L. P. Hext, dated the 4th of October 1848, and five dollars damages.” The others are similar.
*140 The plaintiffs sued for the recovery of two entire tracts of jan¿ jn ^e possession of the defendants, and proved, to the satisfaction of the jury, that they were entitled to distributive shares of both tracts; but the evidence left it uncertain what those shares might be.
A distributee may sue for and recover his share of the land against a trespasser. If he sues for the whole tract, he may recover the portion to which he shows he has title. But the verdict must express with certainty what is found for the plaintiffi A Verdict, finding a matter uncertainly or ambigú-is insufficient; and no judgment can be given thereon, in Heyward v. Bennett the verdict found for the plaintiff the land lying west of Cox’s creek, from the mouth-thereof, upwards, until it intersects the first boundary line called .for’5 — and a new trial was granted on account of the uncertainty.
' In an action of ejectment for a>messuage, the jury found the defendant guilty as to so much, of the messuage as stands upon a certain bank. A distinction was taken between trespass, in which damages only may be recovered, and ejectment, in which the thing itself is recovered; and it was held £hat though a verdict, which finds part of the land demanded, is good; it can only be so when it finds a certain part; because otherwise the Court can’t give judgment.
■ A verdict in an action of dower, which found that the husband was seized of the premises, except so much thereof as belonged to J. S., was adjudged to be insufficient.
The rule to be deduced from the authorities is, that under a declaration, claiming the whole, the verdict may be general, and must ascertain, by its own terms, or by reference to the declarations or plat, the land recovered; or the verdict may find a part only; and it shall then specify and describe such part; and if it be for an undivided share, such share shall be specified, either by the number of acres or as an aliquot part of the whole.
From the verdicts in these cases it cannot even be conjectured to what share or portion of the lands in dispute the plaintiffs showed title. It may be the most inconsiderable fraction, or it may be nearly the whole. The Court cannot give judgment that the plaintiff recover from the defendant a thing unknown.
The motion is granted.
Evans and Wardlavv, JJ., concurred.
Motion granted.-